UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | | |
|---|---|---|---|
| JAVONTE DAVIS, | ) | | |
| | ) | | |
| Plaintiff, | ) | | |
| | ) | | |
| v. | ) | No.: | 3:23-CV-100-KAC-DCP |
| | ) | | |
| SGT. PETTERSON, | ) | | |
| SGT. DAUGHTERY, and | ) | | |
| SHANNON MERTON, | ) | | |
| | ) | | |
| Defendants. | ) | | |

## MEMORANDUM AND ORDER

Plaintiff Javonte Davis is a prisoner in the custody of the Tennessee Department of Correction ("TDOC") who was permitted to proceed on his Section 1983 excessive force claim against Defendants Sergeant Petterson, Sergeant Daughtery, and Shannon Merton [*See* Doc. 4 at 1, 13]. The Court quashed service of process on Sergeant Joshua Peterson ("Sgt. Petterson" in Complaint) and Sergeant Dustin Daughtery ("Sgt. Daughtery" in Complaint) after Peterson and Daughtery produced undisputed evidence that Plaintiff served the wrong individuals who were not involved in the allegations in his Complaint [*See* Doc. 25]. Thereafter, the only remaining defendant[1] Shannon Merton filed a "Motion for Summary Judgment" based on Plaintiff's alleged failure to exhaust his administrative remedies under the Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(a) [Doc. 29]. Plaintiff failed to respond to the motion, and the deadline has passed. *See* E.D. Tenn. L.R. 7.1. Accordingly, the Court deems Plaintiff's failure to respond "a

---

[1] To the extent that a "Sgt. Petterson" or a "Sgt. Daughtery" could be viewed as a remaining defendant in this action, Plaintiff has not served either defendant and more than ninety (90) days have elapsed since the filing of the Complaint [*See* Doc. 2]. *See* Fed. R. Civ. P. 4(m). Therefore, the Court sua sponte dismisses any claims Plaintiff may have against them without prejudice under Rule 4(m) for failure to timely effect service or show good cause for a failure to do so. *See id.*

waiver of any opposition to the relief sought" in Defendant Merton's Motion. *See* E.D. Tenn. L.R. 7.2. For the reasons below, the Court the Court **GRANTS** Defendant Merton's Motion and **DISMISSES** the remainder of this action **without prejudice**.

I.      Background

TDOC's grievance procedure is set forth in TDOC policy 501.01 and explained in the TDOC Inmate Grievance Procedures Handbook [Doc. 30-1 ¶ 4]. Inmates have access to the Grievance Procedures Handbook [Doc. 30-2 at 2]. This process provides "a forum where inmates may formally raise concerns over incidents or conditions that personally affect them and allows complaints to be considered and addressed at both the institutional and departmental level "[Doc. 30-3 at 1]. Under the policy, a "grievance" is a written complaint about a policy, practice, behavior, incident, or condition within the TDOC that personally affects the inmate [Doc. 30-2 at 1-2]. Locked grievance depositories are available at locations specified by each institution and are collected daily by designated staff members [Doc. 30-3 at 5].

TDOC's grievance review procedure is a three-step process [Doc. 30-1 ¶ 13; Doc. 30-2 at 2-4; Doc. 30-3 at 7-10]. An inmate initiates the grievance process by submitting a written grievance form within seven (7) days of the complained-of incident [Doc. 30-2 at 3; Doc. 30-3 at 7]. The grievance committee chairperson logs the grievance as received and forwards it to the employee or department involved for a response; that response is reviewed by the chairperson, who also provides a written response [Doc. 30-2 at 3; Doc. 30-3 at 6, 7-8].

If the inmate accepts the first-level response, the matter is considered resolved [Doc. 30-1 ¶ 13]. If the inmate does not agree, he may appeal the response to the grievance committee and warden [Doc. 30-2 at 3; Doc. 30-3 at 8]. The grievance committee will then issue a proposed

response that is forwarded to the warden, who reviews the committee's response and provides a response of agreement or disagreement [Doc. 30-2 at 3; Doc. 30-3 at 8-9].

If the inmate agrees with the warden's decision, the matter is considered resolved [Doc. 30-1 ¶ 13]. But if the inmate disagrees, he may proceed to step three and appeal to the Assistant Commissioner of Prisons or his designee [Doc. 30-2 at 3; Doc. 30-3 at 9]. The Assistant Commissioner's response is final and not subject to additional appeals [Doc. 30-2 at 3; Doc. 30-3 at 9]. A grievance that has been appealed through all three levels is final [Doc. 30-1 ¶ 13]. If a time limit expires at any stage of the grievance process without the required response from prison officials, the inmate may move the grievance to the next stage of the process, unless the inmate agrees to an extension of the applicable time period in writing [Doc. 30-2 at 4; Doc. 30-3 at 8].

The TDOC maintains a log of each inmate's grievance history [Doc. 30-1 ¶¶ 2, 15]. A correctional facility's grievance committee chairperson can access this log and review the inmate's grievance history, including all grievances logged and appealed by the inmate [*Id.* at ¶¶ 5, 6].

## II. Analysis

Summary judgment is proper when the pleadings and evidence, viewed in a light most favorable to the nonmoving party, illustrate that no genuine issue of material fact exists, and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a),(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986). Failure to exhaust is an affirmative defense for which a defendant bears the burden of proof. *Surles v. Andison*, 678 F.3d 452, 458 (6th Cir. 2012). When a defendant moves for summary judgment on exhaustion grounds, she "must show that the record contains evidence satisfying the burden of persuasion and that the evidence is so powerful that no reasonable jury would be free to disbelieve it." *Id.* at 455-56 (citations and internal quotation marks omitted). Accordingly, in this case, "[s]ummary judgment is appropriate only if defendant[]

3

establish[es] the absence of a 'genuine dispute as to any material fact' regarding non-exhaustion." *Id.* at 456 (citing *Risher v. Lappin*, 649 F.3d 236, 240 (6th Cir. 2011)).

The PLRA states that "[n]o action shall be brought with respect to prison conditions under section 1983 . . . by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). This "exhaustion requirement [generally] applies to all prisoners seeking redress for prison circumstances or occurrences." *Porter v. Nussle*, 534 U.S. 516, 520 (2002); *see also Ross v. Blake*, 578 U.S. 632, 641 (2016). To meet the exhaustion requirement, an inmate must properly satisfy the grievance procedure set by his correctional institution, including procedural rules and deadlines. *Woodford v. Ngo*, 548 U.S. 81, 93 (2006). He must "tak[e] advantage of each step the prison holds out for resolving the claim internally and . . . follow[] the critical procedural rules of the prison's grievance procedure to permit prison officials to review and, if necessary, correct the grievance on the merits." *Troche v. Crabtree*, 814 F.3d 795, 798 (6th Cir. 2016) (citations omitted). When a plaintiff operating under the PLRA fails to properly exhaust a Section 1983 claim, "dismissal" of the claim "is appropriate." *See Young v. Martin*, 83 Fed. App'x 107, 109 (6th Cir. 2003) (citations omitted); *see also Curry v. Scott*, 249 F.3d 493, 501 n.2 (6th Cir. 2001).

Plaintiff's grievance log shows that he filed nine grievances in March and April of 2022 [Doc. 30-4]. However, none of those grievances alleged that Defendant Merton or any other TDOC staff member used excessive force against him on or around March 30, 2022 [Doc. 30-1 ¶¶ 15, 17, 18; Doc. 30-4]. The Complaint alleges that Plaintiff filed a grievance regarding the March 30 incident but "never got a reply besides a correspondence letter saying its under review" [Doc. 2 at 2]. But those allegations were not made under oath or under penalty of perjury [*See generally*, Docs. 2, 2-1]. Therefore, at this stage of the litigation, those simple allegations in the Complaint

4

are not enough to create a genuine dispute of material fact sufficient to avoid summary judgment. *See* Fed. R. Civ. P. 56(c)(4); *see Richard v. Winn*, No. 23-1429, 2024 WL 4765302, at *4 (6th Cir. May 29, 2024) ("because the amended complaint was not verified, it could not serve as an opposing affidavit sufficient to rebut the defendants' summary-judgment motion") (citations omitted); *Williams v. Browman*, 981 F.2d 901, 905 (6th Cir. 1992) (concluding that a "verified complaint … would have the same force and effect as an affidavit" for purposes of summary judgment). Accordingly, there is no genuine dispute of material fact regarding exhaustion, and Defendant Merton is entitled to summary judgment on Plaintiff's failure to exhaust. *See* Fed. R. Civ. P. 56.

### III. Conclusion

For the above reasons, the Court **GRANTS** Defendant Merton's Motion for Summary Judgment [Doc. 29]. And the Court **DISMISSES** Plaintiff's remaining claim **without prejudice**. Further, the Court **CERTIFIES** that any appeal from this action would not be taken in good faith and would be totally frivolous. *See* Fed. R. App. P. 24. Should Plaintiff file a notice of appeal, he is **DENIED** leave to appeal *in forma pauperis*. *See* 28 U.S.C. § 1915(a)(3); Fed. R. App. P. 24. An appropriate judgment shall enter.

**SO ORDERED.**

**ENTER:**

/s/ Katherine A. Crytzer
KATHERINE A. CRYTZER
United States District Judge